JOSÉ A. PORTILLA, Plaintiff and Appellee, v. NELSON WARD, JR. ET AL., Defendants and Appellants.

No. 632. Decided March 19, 1963.

732

*Abelardo Ruiz-Suria* for appellants. *Adán E. Montalvo* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM.

In March 1957 appellee José A. Portilla, Jr. loaned his automobile to Nelson Ward, Jr., a young man 20 years of age who lived with his parents. Ward, Jr. borrowed the vehicle in order to take his mother to the office of a physician or to a hospital. Ward, Jr. was a licensed driver and prior thereto had worked for Portilla, Jr., having used the vehicle in question on two occasions to collect accounts of Portilla's business.

The day Ward, Jr. borrowed the vehicle, as already explained, he sustained an accident through his fault and negligence, as a result of which the vehicle was completely destroyed.

Portilla sued Ward, Jr. and his father Nelson Ward claiming the damages sustained. After a trial on the merits the trial court rendered judgment ordering defendants to pay solidarily to plaintiff the sum of $2,700, plus costs and $200 attorney's fees.

In this appeal defendants maintain that the trial court erred in imposing liability on minor Ward, Jr. because (a) a contract of commodatum existed between the minor and Portilla and the bailee did not devote the automobile to a use other than that for which it was loaned, and (b) that a

minor is not liable when he commits acts of extracontractual negligence.

■ The trial court applied §§ 1802 and 1803 of the Civil Code (31 L.P.R.A. §§ 5141 and 5142). It did not apply any of the provisions relative to the contract of commodatum. Such contract was never perfected because one of the essential elements of every contract such as consent was lacking. Section 1213 of the Civil Code, 1930 ed. Ward, Jr. was an unemancipated minor and lacked capacity to give consent to that contract. Section 1215 of the Civil Code.

■ Section 1802 *supra* of the Civil Code (31 L.P.R.A. § 5141) imposes the obligation to repair the damage to another when there is fault or negligence. The minor is not exempt from such obligation for the only reason that his juridical capacity is restricted. See *Soto* v. *District Court*, 52 P.R.R. 459.

■ Nor did the trial court err in ordering Nelson Ward to pay solidarily the damages caused by his son. In our opinion, the following conclusion of law formulated to that effect by the court is correct:

"3. Under our law, there was against defendant Nelson Ward a presumption of fault for the tortious acts of his son, codefendant Nelson Ward, Jr., in colliding negligently the vehicle which plaintiff had entrusted to him. Portilla was only bound to prove that he had suffered the damage as a result of the minor's negligence and the additional fact that the latter was living with his parents. All of this was established to the satisfaction of the court. Defendant did not introduce any evidence nor does it appear from plaintiff's evidence that the father had properly discharged his responsibility to exercise vigilance over his minor son. Consequently, the presumption established by law was not overcome, wherefore both defendants should indemnify plaintiff. *Alvarez* v. *Irizarry*, 80 P.R.R. 60."

The judgment rendered in this case by the Superior Court will be affirmed.